LINK BROWN v. THE STATE.

No. 3251.  Decided October 28, 1914.

Rehearing denied November 18, 1914.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Postponement—Depositions.**

In the absence of an effort to take the depositions of defendant's witness living in another State, there was no error in overruling an application for a postponement of the case on that account.

**3.—Same—Indictment—Indorsement—Foreman of Grand Jury.**

The fact that the name of the foreman of the grand jury who signed the indictment was not indorsed thereon did not vitiate the indictment.

**4.—Same—Charge of Court—Reasonable Doubt.**

Where the court below gave the usual and customary instructions as to presumption of innocence and reasonable doubt, there was no error in refusing a requested instruction which was not the law on this phase of the case.

Appeal from the District Court of Clay. Tried below before the Hon. Edgar Scurry.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Chas. E. Davis,* for appellant.—On question of foreman of grand jury failing to indorse indictment: State v. Campbell, 109 S. W. Rep., 706; Basshom v. State, 38 Texas, 622; 22 Cyc., 254.

On question of charge on reasonable doubt: Hutto v. State, 7 Texas Crim. App., 44.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of foreman's failure to indorse his name on the indictment: Branch's Crim. Law, secs. 889-891.

HARPER, JUDGE.—Appellant was convicted of selling intoxicating liquor in prohibition territory, and his punishment assessed at one year confinement in the State penitentiary.

Will Tolbert testified he purchased a bottle of whisky from appellant and paid him a dollar for it, therefore this would authorize the conviction of appellant.

He first complains of the action of the court in overruling his application for a postponement of the case on account of the absence of four witnesses. By the qualification of the court to the bill it is shown that all the witnesses named in the application attended court except one—appellant's daughter; she lived in Oklahoma, consequently the issuance of a subpoena would not be diligence. No effort was made to take her depositions, and under such circumstances the court did not err in overruling the application.

The foreman of the grand jury signed the indictment but his name was not indorsed or signed on the back thereof below the words "a true bill." This did not vitiate the indictment, and the court did not err in so holding.

Appellant requested the court to instruct the jury that the "defendant in a criminal case is presumed to be innocent until his guilt is established

by legal and competent evidence beyond a reasonable doubt, is not a mere fiction of the law, but is a substantial right of the defendant *equal to a witness* in his behalf." This is not the law, and the court did not err in refusing the requested instructions. He gave the usual and customary instruction as to presumption of innocence and reasonable doubt, and this was all that was necessary.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 18, 1914.—Reporter.]